PEOPLE v VAUGHN

Docket No. 63958. Decided August 28, 1980. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and reinstated the conviction of the defendant.

Marcus Vaughn was charged with assault with a dangerous weapon (felonious assault) and possession of a firearm while committing or attempting to commit a felony. A jury in Recorder's Court of Detroit, Patricia J. Boyle, J., found the defendant guilty of felonious assault but not guilty of possessing a firearm while committing or attempting to commit a felony. The trial court denied the defendant's motion for judgment notwithstanding the verdict. The Court of Appeals, R. M. Maher, P.J., and Bronson and A. E. Moore, JJ., reversed the conviction of felonious assault on the ground that it was inconsistent with the verdict that the defendant was not guilty of the possession of a firearm charge because the revolver in this case was both a dangerous weapon and a firearm under the statutes (Docket No. 78-2640). The people apply for leave to appeal. *Held:*

Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it were a separate indictment. The most that can be said is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. Because the jury is the sole judge of all the facts, it can choose, without any apparent logical basis, what evidence to believe. Juries are not held to any rules of logic nor are they required to explain their decisions. An element of the jury's power is the capacity for leniency. Whether the jury's conclusion is the result of compassion or compromise, a jury has the power to release a defendant from some of the consequences of his act without absolving him of all responsibility. Furthermore, because of the difference in language of the two statutes, the verdicts may not have been inconsistent in fact, since the jury may have believed that a dangerous weapon other than a firearm was used.

The decision of the Court of Appeals is reversed, and the verdict is reinstated.

92 Mich App 742; 285 NW2d 444 (1979) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner* for defendant.

PER CURIAM. In this case we are asked to consider whether inconsistent verdicts, one of which is an acquittal, require reversal of the conviction. We hold that they do not.

As the complainant was standing on the street trying to hail a taxicab, defendant allegedly approached her, grabbed her arm and pointed a gun at her stomach. The complainant professed some knowledge of guns and identified the one in question as a revolver.

Defendant testified that he wanted to buy some joints, walked up to the complainant and asked if she had anything to sell. When she told him to get away, he replied, "Oh, bitch, I will kill your ass." He testified that he never meant this to happen. Defendant denied having a gun, though he did say that he had black gloves on and did point his finger as he spoke.

The complainant was able to locate a policeman immediately and the defendant was taken into custody shortly following this event. No gun was ever discovered.

Defendant was charged in a two-count information with assault with a dangerous weapon (felonious assault), MCL 750.82; MSA 28.277, and possession of a firearm while committing or attempting to commit a felony ("felony firearm"), MCL 750.227b; MSA 28.424(2). The jury returned a ver-

dict of guilty of felonious assault and not guilty of felony firearm.[1] Following the trial, defendant moved for a judgment notwithstanding the verdict on the ground that the verdicts were inconsistent. This motion was denied. The Court of Appeals, in a per curiam opinion, held that the verdicts were inconsistent and vacated defendant's conviction of felonious assault. *People v Vaughn*, 92 Mich App 742, 744; 285 NW2d 444 (1979). We reverse the decision of the Court of Appeals.

The Court of Appeals reasoned:

"The jury in returning a verdict of guilty as to count 1 must have decided that a gun did exist and in returning a verdict of not guilty as to count 2 must necessarily have determined the nonexistence of the gun. Thus the verdicts are inconsistent, *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976)."

Federal courts and many state courts follow the principle that jury verdicts rendered on several counts of a multi-count indictment need not necessarily be consistent.[2] As the United States Supreme Court said in the benchmark case of *Dunn v United States,* 284 US 390; 52 S Ct 189; 76 L Ed 356 (1932),

"Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. (Citations omitted.)

The Court continued,

---

[1] In *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), this Court held that felony firearm is a separate crime distinct from the underlying felony.

[2] This view is considered the great weight of authority. See Anno: *Inconsistency of criminal verdict as between different counts of indictment or information,* 18 ALR3d 259.

"As was said in *Steckler v United States,* 7 F2d 59, 60 [CA 2, 1925]:

" 'The most that can be said in such cases is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt. We interpret the acquittal as no more than their assumption of a power which they had no right to exercise, but to which they were disposed through lenity.' "

Our Court has recognized the role of the jury in a criminal trial. "Because the jury is the sole judge of *all* the facts, it can choose, without any apparent logical basis, what to believe and what to disbelieve. What may appeal to the judge as 'undisputed' need not be believed by a jury." *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975).

Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jurors reached their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for defendant's release. These considerations change when a case is tried by a judge sitting without a jury.[3] But we feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility.[4]

---

[3] See *United States v Maybury,* 274 F2d 899 (CA 2, 1960), wherein Judge Friendly traces historically the special considerations relating to the nature and function of the jury.

[4] See Perkins, *Dealing With the Inconsistent Verdict,* 15 Crim L Bull 405 (1979).

Furthermore, because of the difference in language of the two statutes, the jury verdicts may not have been inconsistent in fact, as the jury may have believed a "dangerous weapon" (MCL 750.82; MSA 28.277) other than a firearm (MCL 750.227b; MSA 28.424[2]) was used.

In accordance with this opinion and in lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the decision of the Court of Appeals and reinstate the verdict of the jury.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.