PEOPLE v SZYMANSKI

Docket No. 46021. Submitted April 2, 1980, at Grand Rapids.—Decided January 7, 1981. Leave to appeal applied for.

Andrew M. Szymanski, III, was convicted of felonious assault in Kent Circuit Court, Stuart Hoffius, J. At trial, defense counsel requested that the jury be instructed that felonious assault is a specific intent crime. The judge refused to so instruct the jury. The defendant appeals, alleging the omission of the requested intent instruction constitutes reversible error. *Held:*

1. The jury should have been instructed that felonious assault is a specific intent crime and that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery before a defendant can be said to intend to feloniously assault the victim.

2. The intent requirements for felonious assault set forth in the case of *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), are applicable even though the trial concluded more than five months before the *Joeseype Johnson* case was decided since the legal principles set forth in *Joeseype Johnson* constitute a restatement and clarification of previously existing case law.

Reversed and remanded.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT.

The intent required of a defendant for conviction of felonious assault is an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery.

2. APPEAL — NEW RULE OF LAW — APPLICATION OF NEW RULE.

No problem as to limiting the application of a new rule of law arises under circumstances where a subsequent decision of a case results in a rule of law that constitutes a restatement and

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery §§ 4, 6.
[2] 20 Am Jur 2d, Courts §§ 233, 236.
Prospective or retroactive application of overruling decision. 10 ALR3d 1371.

clarification of previously existing case law; such a rule should be applied to a case decided previously.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *David J. Buter,* Assistant Prosecuting Attorney, for the people.

*Varnum, Riddering, Wierengo & Christenson* (by *Dennis C. Kolenda),* for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and T. M. Burns and E. E. Borradaile,* JJ.

Per Curiam. Defendant was convicted by jury on May 8, 1979, of felonious assault, contrary to MCL 750.82; MSA 28.277. He was sentenced on June 26, 1979, to a prison term of two to four years and now appeals of right. Of the six issues raised by defendant on appeal, only one merits discussion.

Defense counsel at trial indicated to the trial court his belief that felonious assault is a specific intent crime. The trial judge replied that in his estimation felonious assault was not a specific intent crime and stated that he would so instruct the jury. Defense counsel subsequently filed a requested instruction regarding specific intent as an element of felonious assault and objected to the trial court's failure to give this instruction. Defendant now alleges that the omission of the requested intent instruction constitutes reversible error.

In *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979), decided October 29, 1979, the Court articulated the intent required for conviction of felonious assault:

* Circuit judge, sitting on the Court of Appeals by assignment.

"2) the jury should be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery, * * *."

The pivotal question presented here is whether the intent requirements set forth in *Joeseype Johnson* are applicable to the case at bar, in which the trial concluded more than five months before the decisional date of *Joeseype Johnson*. We answer affirmatively and therefore reverse defendant's conviction.

In his concurring opinion in *Joeseype Johnson,* Justice RYAN, joined by Justice FITZGERALD, interpreted *Joeseype Johnson* as a reiteration of the legal principles set forth in *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), which, in turn, was a mere restatement and clarification of the law in *People v Carlson,* 160 Mich 426; 125 NW 361 (1910).

We agree that *Joeseype Johnson* constitutes a restatement and clarification of previously existing Michigan case law and is therefore fully applicable to the instant case. No problem of limiting the application of a new rule of law arises under such circumstances. *People v Kamin,* 405 Mich 482, 494; 275 NW2d 777 (1979).

Defendant's remaining allegations of error are not persuasive.

Reversed and remanded.