PEOPLE v VINSON

Docket No. 48678. Submitted November 17, 1980, at Grand Rapids.—
Decided April 21, 1981. Leave to appeal applied for.

Bryan J. Vinson was convicted of felonious assault, Calhoun
Circuit Court, Creighton R. Coleman, J. He appeals, alleging
that the trial court erred in instructing the jury on the element
of intent. *Held:*

MacKenzie, P.J., would hold that the trial court's instruc-
tions focused on defendant's intent to do the act constituting
the assault rather than on his intent to injure the victim or to
place the victim in reasonable fear of an immediate injury.
However, any error in instructing was harmless because actual
injury to the victim resulted from defendant's acts and it is
clear that the jury found that defendant intentionally stabbed
his victim.

Bashara, J., would note that the holding of the Supreme
Court in *People v Joeseype Johnson,* 407 Mich 196 (1979), that
the jury in a prosecution for felonious assault must be in-
structed that there must be either an intent to injure a victim
or an intent to put a victim in reasonable fear or apprehension
of immediate battery to sustain a conviction should not be
given retroactive application. He would affirm.

Affirmed.

T. M. Burns, J., dissented. He would hold that failure by a
trial court in a prosecution for felonious assault to instruct the
jury that there must be either an intent on the part of the
defendant to injure the victim or an intent to put the victim in
reasonable fear or apprehension of an immediate battery con-
stitutes error requiring reversal. He would reverse.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 6 Am Jur 2d, Assault and Battery §§ 3, 28.
[2, 3] 6 Am Jur 2d, Assault and Battery § 6.
[3-5] 6 Am Jur 2d, Assault and Battery §§ 48, 51, 53.
    Pocket or clasp knife as deadly or dangerous weapon for purposes of
    statute aggravating offenses such as assault, robbery, or homicide.
    100 ALR3d 287.
[4] 16A Am Jur 2d, Constitutional Law § 661.

OPINION OF MACKENZIE, P.J.

1. ASSAULT AND BATTERY — SIMPLE ASSAULT.

A simple criminal assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.

2. ASSAULT AND BATTERY — SIMPLE ASSAULT — JURY INSTRUCTIONS.

The jury in a prosecution for simple criminal assault should be instructed that to find the defendant guilty it must determine that the defendant had either an intent to injure the victim or an intent to put the victim in reasonable fear or apprehension of an immediate battery.

3. ASSAULT AND BATTERY — FELONIOUS ASSAULT — JURY INSTRUCTIONS — HARMLESS ERROR.

Failure of a trial court in a prosecution for felonious assault to instruct the jury on the element of intent on the part of the defendant to injure the victim or place the victim in reasonable fear or apprehension of an immediate battery constitutes harmless error where the record clearly reveals that the jury found that the defendant intentionally stabbed his victim and that physical injury resulted.

CONCURRENCE BY BASHARA, J.

4. ASSAULT AND BATTERY — FELONIOUS ASSAULT — RULES OF LAW — RETROACTIVITY.

*The holding of the Supreme Court that the jury in a prosecution for felonious assault must be instructed that there must be either an intent by the defendant to injure a victim or an intent to put a victim in reasonable fear or apprehension of immediate battery to sustain a conviction should not be given retroactive application.*

DISSENT BY T. M. BURNS, J.

5. ASSAULT AND BATTERY — FELONIOUS ASSAULT — JURY INSTRUCTIONS — ERROR.

*Failure of a trial court in a prosecution for felonious assault to instruct the jury that there must be either an intent on the part of the defendant to injure the victim or an intent to put the victim in reasonable fear or apprehension of an immediate battery constitutes error requiring reversal.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James D. Norlan-*

*der,* Prosecuting Attorney, and *Conrad J. Sindt,* Chief Assistant Prosecuting Attorney, for the people.

*P. E. Bennett,* Assistant State Appellate Defender, for defendant on appeal.

Before: MACKENZIE, P.J., and T. M. BURNS and BASHARA, JJ.

MACKENZIE, P.J. Defendant, convicted of felonious assault, MCL 750.82; MSA 28.277, contends that the trial court's instructions on intent were deficient under *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979).

In *Joeseype Johnson,* and its companion case, *People v Ring,* each defendant was prosecuted for felonious assault for pointing a gun at his victim without actually shooting it. In each case, the accused claimed that he had no intent to injure and that the jury must be instructed that it may not convict unless it finds such an intent. Accepting this argument in part, the Michigan Supreme Court, in a memorandum opinion, issued the following bifurcated definition of assault:

"1) a simple criminal assault 'is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery', *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978),

"2) the jury should be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery,

"3) the instruction in *Johnson* was deficient in two respects: it failed adequately to inform the jury of the intent requirement and it neglected to present the alternative 'reasonable apprehension of receiving an

immediate battery' form of felonious assault; the jurors in *Ring* should be instructed that defendant can be convicted if he intended to injure the victim or put him in reasonable apprehension of receiving an immediate battery." *Joeseype Johnson, supra,* 210.

Not considered in *Joeseype Johnson* was the case, such as the case at bar, where a completed battery is charged as an assault or aggravated (felonious) assault. Specifically, the charge against defendant arose out of a fight between defendant and complainant at the Verona Lounge in Battle Creek during the early morning hours of November 4, 1978. Complainant testified that he and defendant had been arguing and that when he tried to leave and push defendant away from him defendant stabbed him. He stated that defendant stabbed him twice in the back and once in the stomach. Further, when complainant fell to the ground, and certain persons tried to pull defendant away, defendant stabbed complainant in the leg.

Defendant testified that complainant pushed and threatened him and hit him on the head a number of times. Defendant stated that he pulled his knife, lunged with it, and then ran from the lounge. Defense counsel argued that defendant acted in self-defense, theorizing that defendant had been attacked by complainant and that defendant believed he had no avenue of retreat from that assault.

The trial court instructed the jury as follows regarding the essential elements of felonious assault:

"Now, included within the principal offense [assault with intent to do great bodily harm less than murder] here is another crime known as assault with a danger-

ous weapon. The defendant is therefore, as an included offense, charged with felonious assault. Any person who shall assault another with a knife but without intending to commit the crime of murder and without intending to inflict great bodily harm less than murder is guilty of this charge.

"The defendant pleads not guilty to this charge. To establish this charge, the prosecution must prove each of the following elements beyond a reasonable doubt:

"First, that the defendant assaulted Mr. McGinnis; and I say again, an assault is an attempt or threat, with force and violence, to do immediate bodily harm to another by one who has the present means of doing such harm.

"Second, that the defendant committed such assault by the use of a dangerous weapon, that is, as alleged in this case, a knife.

"Now, when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist.

"Intent is a decision of the mind to knowingly do an act with a conscious objective of accomplishing a certain result. There can be no crime of assault with intent to commit great bodily harm less than the crime of murder, or felinous [sic] assault under our law where there is no intent to commit such an offense, and the burden rests upon the prosecution to show beyond a reasonable doubt that the defendant at the time of doing the act had that wrongful intent.

\* \* \*

"If you find that the defendant for any reason whatsoever did not consciously and knowingly act with intent to commit either of the crimes set forth above, neither of the crimes can have been committed and you must then find the defendant not guilty".

Admittedly, the instructions focused on defendant's intent to do the act constituting an assault rather than his intent to injure or place the victim in reasonable fear of an immediate injury. Therefore, the instructions would be considered deficient

under *Joeseype Johnson* if defendant's conduct amounted only to threatening (menacing) or an attempted battery. However, according to the testimony of complainant and defendant, defendant stabbed his victim several times, inflicting bodily injury.

It would be anomalous to require that the jury be instructed that defendant must have the intent to injure his victim where defendant intentionally struck his victim, inflicting bodily injury. Part of the confusion stems from charging a battery as an assault. The two crimes should be distinguished:

> "Although the word 'assault' is sometimes used loosely to include a battery, and the whole expression 'assault and battery' to mean battery, it is more accurate to distinguish between the two separate crimes, assault and battery, on the basis of the existence or non-existence *[sic]* of physical injury or offensive touching. *Battery* requires such an injury or touching. *Assault,* on the other hand, needs no such physical contact; it might almost be said that it affirmatively requires an absence of contact. Battery, like murder and manslaughter, malicious mischief and arson, thus is a crime defined in terms of conduct which produces a specified harmful result (injury or offensive touching). Assault, as we shall see, may in most jurisdictions be committed in either one of two ways—attempted battery or intentional frightening—the former requiring no harmful physical result but the latter requiring the result, not of physical contact as with battery, but rather of mental apprehension in the mind of the victim." LaFave & Scott, Criminal Law, § 80, p 603. (Footnotes omitted.)

Even Justice LEVIN, dissenting in *Joeseype Johnson, supra,* 246-247, agrees that no intent to injure need be demonstrated where the actor's conduct constitutes a battery and physical injury results:

"The proofs in *[People v Burk*, 238 Mich 485; 213 NW
717 (1927)] showed an actual physical injury. Completed
batteries were not infrequently charged as assaults as
well as assault and batteries, and in such cases intent
to injure was not a necessary element of the offense.
Negligent or reckless acts causing injury or mere un-
lawful touching may constitute a battery." (Footnotes
omitted.)

Professor Perkins' argument for inferring an in-
tent to injure from the actual injury itself is
particularly convincing:

"Thus the crime of 'assault and battery' has been
committed if personal injury to another has resulted
unintentionally, but through criminal negligence, or
where an injury has resulted unintentionally from an
act malum in se. In such prosecutions, it is not neces-
sary for the accusatory pleading even to mention the
word 'battery' because proof of the battery will support
a conviction of simple assault or, if the facts warrant, of
aggravated assault. Many penal codes make no special
provision for aggravated battery; it is unnecessary be-
cause battery includes assault, and the statutes provid-
ing penalties for aggravated assaults will cover such
misdeeds. Thus it was not error to instruct in terms of
'aggravated assault and battery' in a trial for aggra-
vated assault in which a battery was clearly estab-
lished. The fact that a conviction of aggravated assault
is warranted by proof of a corresponding aggravated
battery has been so obvious as to induce courts to
emphasize the lack of any requirement of actual injury
or contact.
    "Some courts have rationalized these cases in terms
of a fiction—the law will presume an intent to injure
from an injury caused by criminal negligence. Others
have spoken more frankly: '[A]ssault may be * * * done
simply by operating the vehicle in such a reckless,
heedless, and criminally negligent manner as to run
him down without having any specific intent so to do.'
As explained by one writer after exhaustive research,
'there can be no *assault without physical injury,* unless

there was an intention to inflict harm or at least to cause apprehension', but no such intent is required for injurious assault. In the words of Mr. Justice Traynor, speaking for the California Supreme Court in regard to battery, 'the assault, to adopt the statutory language, is "necessarily included therein." ' " Perkins, Criminal Law (2d ed), pp 129-130. (Footnotes omitted.)

Similarly, the drafters of the Model Penal Code (Proposed Official Draft, 1962), art 211, § 211.1, approached the problem as follows:

"(2) *Aggravated Assault.* A person is guilty of aggravated assault if he:

"(a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or

"(b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon."

In summary, from the verdict, the testimony, and the instructions given, it is clear that the jury found that defendant intentionally stabbed his victim and that physical injury resulted. In summary, because actual injury resulted, any error in failing to instruct on defendant's intent to injure or intent to place the victim in reasonable fear of immediate injury was harmless.

Affirmed.

BASHARA, J. *(concurring).* I concur with the result reached by Judge MACKENZIE and would affirm the conviction. I concur separately only because of my belief that *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), should not be applied retroactively. See dissenting opinion in *People v Ideis,* 101 Mich App 179; 300 NW2d

489 (1980), and *People v Starghill,* 99 Mich App 790; 298 NW2d 641 (1980).

I would affirm the conviction.

T. M. Burns, J. *(dissenting).* Defendant appeals as of right a July 27, 1979, jury verdict convicting him of felonious assault. MCL 750.82; MSA 28.277. On August 22, 1979, he was sentenced to a term of from 1-1/2 to 4 years imprisonment. I would reverse his conviction.

Defendant's single issue in this appeal concerns whether the lower court judge erred when instructing the jury regarding the element of intent in the crime of felonious assault. Specifically, the jury was instructed, "[i]ntent is a decision of the mind to knowingly do an act with a conscious objective of accomplishing a certain result. There can be no crime of assault with intent to commit great bodily harm less than the crime of murder, or [felonious] assault under our law where there is no intent to commit such an offense, and the burden rests upon the prosecution to show beyond a reasonable doubt that the defendant at the time of doing the act had that wrongful intent."

. Thus, the jury was instructed that the evidence was sufficient to convict defendant of felonious assault if it established that defendant had the intent "to commit such an offense". This instruction focused the jury's attention on defendant's intent with regard to the act that he was engaged in rather than his intent with regard to his victim. As such, it was error under the holding of our Supreme Court in *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979), where it was held that the crime of felonious assault is not made out unless there is evidence that the defendant acted with "an intent to injure or an intent

to put the victim in reasonable fear or apprehension of an immediate battery".[1]

Under the holding of this Court in *People v Szymanski,* 102 Mich App 745; 302 NW2d 316 (1981), defendant's conviction should be reversed.

---

[1] "A majority of the Justices are of the opinion that:

"1) a simple criminal assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery. *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978),

"2) *the jury should be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery,*

"3) the instruction in *Johnson* was deficient in two respects; it failed adequately to inform the jury of the intent requirement and it neglected to present the alternative 'reasonable apprehension of receiving an immediate battery' form of felonious assault; the jurors in *Ring* should be instructed that defendant can be convicted if he intended to injure the victim or put him in reasonable apprehension of receiving an immediate battery." 407 Mich 210. (Emphasis supplied.)