PEOPLE v HORTON (ON REMAND)

Docket No. 55116. Submitted May 21, 1981, at Lansing.—Decided
July 8, 1981. Leave to appeal applied for.

Charles E. Horton was charged with criminal sexual conduct in
the first degree and murder during the commission of a felony.
Following a jury trial in the Recorder's Court of Detroit,
George T. Martin, J., defendant was convicted on the felony-
murder count and acquitted on the criminal sexual conduct
count. Defendant appealed and the Court of Appeals reversed
his conviction on the basis that the conviction of felony murder
was inconsistent with the acquittal on the criminal sexual
conduct count. See 99 Mich App 40; 297 NW2d 857 (1980). The
prosecution sought leave to appeal in the Michigan Supreme
Court. The Supreme Court, in lieu of granting leave to appeal,
vacated the judgment of the Court of Appeals and remanded
the case to the Court of Appeals for reconsideration in light of
*People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980). See 410
Mich 865 (1980). *Held:*

1. The Supreme Court has repudiated the inconsistent verdict
doctrine insofar as it applies to jury trials. A jury has inherent
power to dispense mercy. Accordingly, reversal of the convic-
tion of felony murder is not mandated by reason of the fact
that the jury acquitted defendant of the underlying felony.

2. While the trial court in its charge to the jury on the
felony-murder count should have instructed the jury as to the
elements of rape rather than the elements of criminal sexual
conduct, the defendant was not prejudiced by the trial court's
failure to limit the jury's consideration to the elements of rape.
While the crime of criminal sexual conduct can include sod-
omy, no prejudice arose in the instant case since there was no
evidence of anal penetration presented at trial.

3. There was sufficient evidence for a rational jury to find
defendant guilty of either rape or criminal sexual conduct.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 72, 545.
Inconsistency of criminal verdict as between different count of
indictment or information. 18 ALR3d 259.
[2] 40 Am Jur 2d, Homicide §§ 72, 534.

1. CRIMINAL LAW — VERDICTS — INCONSISTENT VERDICTS — FELONY MURDER.

> Reversal is not mandated by reason of the fact that a jury convicts a defendant on a felony-murder charge but acquits the defendant on the underlying felony, consistency of verdicts not being necessary because of a jury's inherent power to dispense mercy.

2. HOMICIDE — FELONY MURDER — JURY INSTRUCTIONS — RAPE — CRIMINAL SEXUAL CONDUCT.

> Instructing a jury as to criminal sexual conduct rather than rape as part of the jury charge for the crime of felony murder does not mandate reversal even though such an instruction would include sodomy as well as rape where the only evidence at trial was that there was genital rather than anal penetration.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Gail Rodwan,* Assistant State Appellate Defender, for defendant on appeal.

ON REMAND

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

DANHOF, C.J. Defendant was tried before a jury on charges of felony murder (rape), MCL 750.316; MSA 28.548, and first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). He was convicted of felony murder but acquitted of criminal sexual conduct. In *People v Horton,* 99 Mich App 40; 297 NW2d 857 (1980), we reversed under the inconsistent verdict doctrine, holding that the felony-murder conviction based on a completed act of criminal sexual conduct could not stand where

defendant was found not guilty of the same criminal sexual conduct. The people subsequently filed an application for leave to appeal with the Supreme Court, which remanded the case to this Court for reconsideration in light of its decision in *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980).

The defendant in *Vaughn* had been charged with felonious assault and felony-firearm and the jury convicted him of felonious assault only. This Court vacated that conviction under the inconsistent verdict doctrine, *People v Vaughn,* 92 Mich App 742; 285 NW2d 444 (1979), but the Supreme Court reversed, stating:

> "Juries are not held to any rules of logic nor are they required to explain their decisions. The ability to convict or acquit another individual of a crime is a grave responsibility and an awesome power. An element of this power is the jury's capacity for leniency. Since we are unable to know just how the jurors reach their conclusion, whether the result of compassion or compromise, it is unrealistic to believe that a jury would intend that an acquittal on one count and conviction on another would serve as the reason for a defendant's release. These considerations change when a case is tried by a judge sitting without a jury. But we feel that the mercy-dispensing power of the jury may serve to release a defendant from some of the consequences of his act without absolving him of all responsibility." (Footnotes omitted.) 409 Mich 466.

The decision in *Vaughn* was based on *Dunn v United States,* 284 US 390; 52 S Ct 189; 76 L Ed 356 (1932), which held that each count in an indictment is regarded as if it were a separate indictment and that consistency in the verdict is unnecessary.

In the following paragraph, the Supreme Court

suggested an alternative ground for the holding in *Vaughn:*

"Furthermore, because of the difference in language of the two statutes, the jury verdicts may not have been inconsistent in fact, as the jury may have believed a 'dangerous weapon' * * * other than a firearm * * * was used." 409 Mich 467.

Nevertheless, we are compelled to hold that the rule against inconsistent verdicts has been repudiated.

In our previous opinion in this case, we concluded that the lower court should have instructed the jury on rape, rather than criminal sexual conduct, as the underlying felony for first-degree murder. See *People v MacDonald,* 409 Mich 110; 293 NW2d 588 (1980). However, this error alone did not constitute grounds for reversal. The instruction did broaden the class of sex-related crimes which could be considered as the basis for felony murder because it permitted such a conviction based on sodomy. We find defendant was not prejudiced by this instruction where there was no evidence at trial of anal penetration and what evidence there was on the matter indicated penetration of the victim's genital opening. Furthermore, instructional error was not one of the issues raised by the defendant on appeal.

Defendant does contend that there was insufficient evidence for a rational jury to find him guilty of a rape or criminal sexual conduct. After reviewing the testimony we conclude that this contention lacks merit. See, *People v Ramsey,* 89 Mich App 260; 280 NW2d 840 (1979).

Based upon the foregoing, we affirm and order the reinstatement of defendant's original conviction and sentence. Our prior decision is reversed.