PEOPLE v RIVERA

Docket Nos. 56006, 57681. Submitted June 11, 1982, at Lansing.—
Decided October 5, 1982.

Carlos Rivera was convicted by a jury in Washtenaw Circuit
Court of larceny in a building and felonious assault and was
sentenced, Ross W. Campbell, J. Defendant filed separate ap-
peals on the two convictions. The appeals have been consoli-
dated. *Held:*

1. The trial court's instructions on felonious assault were
erroneous. The judge's instructions withdrawing specific intent
resulted in the omission of an essential element of the offense
from the jury's consideration. Such omission constituted revers-
ible error. The defendant's conviction for felonious assault is
reversed, and he is entitled to a new trial on that charge.

2. The trial court properly denied defendant's motion for a
directed verdict on the felonious assault charge.

3. The prosecutor did not abuse his discretion by charging
defendant with a felony, larceny in a building, when he could
have charged defendant with a misdemeanor, larceny under
$100.

4. Any error which may have occurred during the prosecu-
tion's opening remarks was harmless beyond a reasonable
doubt.

5. Defendant's conviction for felonious assault is reversed.
His conviction for larceny in a building is affirmed.

Reversed in part and affirmed in part.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 623, 891 *et seq.*
  75 Am Jur 2d, Trial § 906.
[2] 75 Am Jur 2d, Trial §§ 713, 715.
[3] 6 Am Jur 2d, Assault and Battery §§ 48, 49.
[4] 6 Am Jur 2d, Assault and Battery §§ 5, 7.
[5] 6 Am Jur 2d, Assault and Battery §§ 48, 53.
[6] 6 Am Jur 2d, Assault and Battery § 53.
[7] 63 Am Jur 2d, Prosecuting Attorneys §§ 26, 27.
[8] 75 Am Jur 2d, Trial §§ 876, 877.
[9] 4 Am Jur 2d, Appeal and Error §§ 41, 11.

1. TRIAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

   Failure to object to jury instructions waives appellate review of those instructions unless manifest injustice would occur (GCR 1963, 516.2).

2. APPEAL — CRIMINAL LAW — JURY INSTRUCTIONS.

   Reversible error may be found in the absence of an objection where a charge to the jury omits an essential element of the offense charged.

3. ASSAULT AND BATTERY — FELONIOUS ASSAULT.

   Felonious assault is a specific intent crime requiring either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery (MCL 750.82; MSA 28.277).

4. ASSAULT AND BATTERY — BATTERY.

   Battery is the wilful touching of the person of another by the aggressor or by some substance put in motion by him; a battery is the consummation of the assault.

5. ASSAULT AND BATTERY — FELONIOUS ASSAULT — DANGEROUS WEAPON.

   An item can be a dangerous weapon under the felonious assault statute if it was used as a weapon and, when so employed in an assault, was dangerous (MCL 750.82; MSA 28.277).

6. ASSAULT AND BATTERY — FELONIOUS ASSAULT — DANGEROUS WEAPON — JURY QUESTION.

   Whether a particular item is a dangerous weapon under the felonious assault statute is a question for the jury (MCL 750.82; MSA 28.277).

7. CRIMINAL LAW — PROSECUTING ATTORNEYS.

   A prosecuting attorney has the discretion to choose under which statute a prosecution will be instituted where more than one statute is applicable to the case.

8. CRIMINAL LAW — LESSER INCLUDED OFFENSES — MISDEMEANORS.

   A court, whether or not requested, may not instruct the jury on lesser included offenses for which the maximum allowable period of incarceration is one year or less in any case wherein the charged offense is punishable by incarceration for more than two years.

9. Courts — Court of Appeals — Supreme Court Decisions.
   The Court of Appeals cannot overturn a decision of the Supreme Court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Dale J. Crowe,* for defendant on appeal.

Before: M. J. Kelly, P.J., and M. F. Cavanagh and P. R. Joslyn,* JJ.

M. J. Kelly, P.J. On May 14, 1980, defendant entered a convenience food store, selected two bottles of wine and a 12-pack of beer, and placed his selections on the check-out counter. After leaving the store for a moment, defendant returned, picked up one of the bottles of wine, and threw it. The bottle of wine hit a customer on his hip. Defendant then left the store with the other bottle of wine and the 12-pack of beer without paying for them. These two items had a retail purchase price of under $10.

Following trial by jury, defendant was convicted of larceny in a building, MCL 750.360; MSA 28.592, and felonious assault, MCL 750.82; MSA 28.277. Defendant was sentenced to two concurrent terms of from two years and eight months to four years imprisonment. He appeals as of right.

In the trial judge's charge to the jury, he correctly instructed:

"Now, the offense charged in this second case, felonious assault, is one which is commonly termed a specific intent crime. When a certain intent is a necessary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

element in a crime, the crime cannot have been committed when the intent did not exist."

\*   \*   \*

"If you find that the defendant for any reason whatsoever did not consciously and knowingly act with the intent to commit an assault upon the person of Kenneth Rudy, then the crime of felonious assault cannot have been committed and you must find the defendant not guilty of the crime of felonious assault."

The trial judge stopped then and conducted an off-the-record discussion with counsel. Returning to his charge, the judge continued:

"Now, I have made a mistake here and I will have to correct it. I instructed you as to specific intent and I did so incorrectly. Felonious assault is not a specific intent crime and the burden is not on the prosecution to show that at the time of that alleged offense the defendant had the specific intent to commit an assault on Kenneth Rudy. The crime of larceny in a building is a specific intent crime and I must correct my instructions accordingly and we will ask you to erase from your minds the instructions of specific intent as has been related to—as I tried to relate it to the crime of felonious assault \* \* \*.

\*   \*   \*

"\* \* \* I will correct the record to erase the instructions on specific intent as I erroneously gave it in connection with the second offense, the felonious assault charge."

No objection was raised to these revised instructions.

Failure to object to jury instructions waives appellate review unless manifest injustice could occur. *People v Williams*, 114 Mich App 186, 202; 318 NW2d 671 (1982), see GCR 1963, 516.2. Reversible error may be found in the absence of an objection where the charge omits an essential

element of the offense. *People v Elmore,* 94 Mich App 304, 307; 288 NW2d 416 (1979).

The trial court's instructions on felonious assault were erroneous. Felonious assault is a specific intent crime requiring either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery. *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979). The trial judge's instructions withdrawing specific intent resulted in the ommission of an essential element of the offense from the jury's consideration. Such omission constituted reversible error.

The prosecution argues on appeal, however, that *People v Vinson,* 105 Mich App 583; 307 NW2d 100, *lv den* 412 Mich 883 (1981), requires us to hold that, because an actual injury resulted to the victim, the necessary specific intent element is inferred. In *Vinson,* this Court, lamentably, issued three separate opinions. Judge MACKENZIE alone found that "because actual injury resulted, any error in failing to instruct on defendant's intent to injure or intent to place the victim in reasonable fear of immediate injury was harmless". *Vinson, supra,* p 590. This was due to her belief that it was "clear that the jury found that defendant intentionally stabbed his victim". *Vinson, supra,* p 590. In the instant case, however, it is not clear that the jury found that defendant intentionally hit his victim with a bottle of wine. That was the critical question: If the battery were intentional, *Vinson* would apply and the failure to give the *Joeseype Johnson* instructions would be harmless error. If, however, the trier of fact concluded that the defendant did not intentionally strike his victim, a further inquiry would be necessary. The scholars referred to in *People v Vinson, supra,* say that a

battery may result from a reckless or criminally negligent act. It appears that Michigan requires a wilful act:

"Battery is

" 'The wilful touching of the person of another by the aggressor or by some substance put in motion by him; or, as it is sometimes expressed, a battery is the consummation of the assault.' "

*People v Bryant,* 80 Mich App 428, 433; 264 NW2d 13 (1978), citing *Tinkler v Richter,* 295 Mich 396, 401; 295 NW 201 (1940).

Here, the jury was not required to make any determination of the intent of defendant or the wilfulness of his act in hitting the victim with the wine bottle. Rather, the trial court specifically withdrew the element of intent from the jury's consideration on the felonious assault charge. The jury should have been instructed that it had to find either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery. We hold, therefore, that defendant is entitled to reversal of his conviction of felonious assault and to a new trial on this charge. If he is retried, the jury should be instructed in accordance with the mandate of *People v Joeseype Johnson, supra.*

Defendant raises a number of other issues for our consideration. He argues that the trial court erred in denying defendant's directed verdict motion on the felonious assault charge since a bottle of wine cannot be considered a dangerous weapon within the meaning of the felonious assault statute. Many items, however, can be considered to be dangerous weapons within the meaning of the felonious assault statute. See, *e.g., People v Ragland,* 14 Mich App 425; 165 NW2d 639 (1968), *lv*

*den* 383 Mich 781 (1970) (flashlight found to be a dangerous weapon); *People v Morgan,* 50 Mich App 288; 213 NW2d 276 (1973), *lv den* 392 Mich 813 (1974) (lighter fluid constituted a dangerous weapon). An item can be a dangerous weapon under the felonious assault statute if it was used as a weapon and, when so employed in an assault, was dangerous. *People v Goolsby,* 284 Mich 375, 378; 279 NW 867 (1938). Thus, it is for the jury to decide whether a particular item is a "dangerous weapon". *Ragland, supra,* p 426. The trial judge in the instant case, therefore, properly denied defendant's directed verdict motion.

Defendant argues next that the prosecutor abused his discretion by charging defendant with larceny in a building, a felony, instead of larceny under $100, MCL 750.356; MSA 28.588, a misdemeanor. Since both statutes were applicable, the prosecutor had discretion to choose between them in charging defendant. See *People v Freeland,* 101 Mich App 501, 511; 300 NW2d 616 (1980); *People v Ditto,* 110 Mich App 654, 656; 313 NW2d 177 (1981). No abuse of discretion has been shown.

In addition, contrary to defendant's arguments on appeal, our decision in *People v Hart,* 98 Mich App 273; 296 NW2d 235 (1980), does to require a trial judge to consider whether to reduce a larceny in a building conviction to a misdemeanor. Rather, the majority in *Hart* reversed a lower court's dismissal of a larceny in a building charge. Defendant's reliance on *Hart* is misplaced.

Defendant requests that we modify the rule established in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975) ("In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incar-

ceration period is one year or less."), to allow consideration of a misdemeanor offense when shoplifting of goods valued under $100 is charged as larceny in a building. Initially, we question defendant's characterization of his violent removal of goods from a store as mere "shoplifting". We reject defendant's request to modify the *Chamblis* rule as inappropriate on the facts of this case and because we are bound by the doctrine of stare decisis. *Hutson v City of Royal Oak,* 28 Mich App 393, 395; 184 NW2d 558 (1970). The Court of Appeals cannot overturn a decision of the Supreme Court. *People v Haggerty,* 27 Mich App 594, 596-597; 183 NW2d 862 (1970), and *People v Recorder's Court Judge #2,* 73 Mich App 156, 162; 250 NW2d 812 (1977).

Finally, defendant asserts that reversible error occurred during the prosecutor's opening remarks, when, in discussing a photographic line-up, he stated:

"* * * What Detective Winter did was went back through his police files at the Detective Bureau, came up with some other pictures, one of which included Mr. Rivera."

Defendant objected. The trial court instructed the jury to disregard the prosecutor's remark because it had been unsupported by evidence and was not evidence itself. On appeal, defendant argues that the remark inferred previous criminal activity by the defendant. We find any error in this statement, when coupled with the trial court's curative instruction, to be harmless beyond a reasonable doubt.

Defendant's conviction for felonious assault is reversed. His conviction for larceny in a building is affirmed.

Reversed in part; affirmed in part.