PEOPLE v JOHNSON

Docket No. 72232. Submitted November 15, 1984, at Detroit.—Decided April 1, 1985.

Defendant, Gary Johnson, was charged in the Recorder's Court of Detroit with felonious assault and possession of a firearm during the commission or attempted commission of a felony. A jury found defendant not guilty of felonious assault and guilty of the felony-firearm charge. The defendant then moved to have the guilty verdict set aside on the ground that the verdicts were inconsistent. The trial court, Donald L. Hobson, J., granted the motion to set aside the guilty verdict as inconsistent and discharged the defendant. The people appealed and the Court of Appeals affirmed in an unpublished memorandum opinion (Docket No. 47489, decided May 13, 1980). The people appealed to the Michigan Supreme Court, which reversed the Court of Appeals, reinstated the felony-firearm conviction and remanded to the trial court for sentencing. Defendant's case had been consolidated with two others for argument on appeal to the Supreme Court. *People v Lewis,* 415 Mich 443 (1982). Defendant appeals as of right from his conviction on the felony-firearm charge. *Held:*

1. There is no merit to defendant's argument that application of *Lewis* would constitute a denial of due process or violate the prohibition against ex post facto laws.

2. The Supreme Court did address the application of its decision in *Lewis* to the defendant. Although not explicitly addressed in terms of retroactivity, it is clear that the Supreme Court intended its decision in *Lewis* to apply to the case at bar. The Supreme Court's treatment of defendant is consistent with

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 20 Am Jur 2d, Courts §§ 233, 236.

Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

[2] 20 Am Jur 2d, Courts § 201.

[3] 6 Am Jur 2d, Assault and Battery § 20.

Intent to do physical harm as essential element of crime of assault with deadly or dangerous weapon. 92 ALR2d 635.

[4] 5 Am Jur 2d, Appeal and Error § 624 *et seq.*

the marked preference it has shown for applying its overruling decisions to the cases before it unless explicitly stated otherwise.

3. Retroactive application should not be given to the Michigan Supreme Court opinion in *People v Joeseype Johnson,* 407 Mich 196 (1979), which compels reversal where a trial court fails to instruct the jury that felonious assault is a specific intent crime.

4. The alleged improprieties in the prosecutor's cross-examination of the defendant or in his closing argument did not deny the defendant his right to a fair trial.

Affirmed.

1. CONSTITUTIONAL LAW — RETROACTIVITY.

The retroactive application of an overruling decision is not prohibited by the constitution; such retroactivity does not constitute a denial of due process or a violation of the prohibition against ex post facto laws.

2. COURTS — COURT OF APPEALS — LAW OF THE CASE.

The Court of Appeals is powerless to alter a Supreme Court holding.

3. ASSAULT AND BATTERY — FELONIOUS ASSAULT — SPECIFIC INTENT.

The rule announced in *People v Joeseype Johnson,* 407 Mich 196 (1979), that felonious assault is a specific intent crime, has prospective application only.

4. CRIMINAL LAW — PROSECUTORIAL COMMENT — PRESERVING QUESTION.

Appellate review of alleged improprieties in a prosecutor's cross-examination of the defendant and in his closing argument is foreclosed in the absence of objection unless failure to consider the issues would result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy A. Baughman,* Principal Attorney, Research, Training and Appeals, for the people.

State Appellate Defender (by *Kim Robert Fawcett),* for defendant on appeal.

Before: Hood, P.J., and Bronson and R. L. Tah-
vonen,* JJ.

Per Curiam. On October 23, 1979, after a jury
trial in the Detroit Recorder's Court, defendant
was found not guilty of felonious assault, MCL
750.82; MSA 28.277, and guilty of possession of a
firearm at the time of the commission or at-
tempted commission of a felony, MCL 750.227b;
MSA 28.424(2). Defendant moved to have the
guilty verdict set aside on the ground that the
verdicts were inconsistent. The trial judge granted
the motion to set aside the guilty verdict as incon-
sistent and discharged the defendant. The people
appealed and this Court affirmed in an unpub-
lished memorandum opinion (Docket No. 47489,
decided May 13, 1980). The people appealed and
the Supreme Court reversed the Court of Appeals,
reinstated the felony-firearm conviction and re-
manded for sentencing in an opinion in which
defendant's case was consolidated with two others
for argument on appeal. *People v Lewis,* 415 Mich
443; 330 NW2d 16 (1982). Defendant now appeals
as of right from his conviction.

The issues raised on appeal do not require a
comprehensive statement of the facts. Briefly, de-
fendant's car struck complainant's car. Complain-
ant and defendant both got out of their cars and
exchanged driver's licenses and car registrations.
Defendant then allegedly pulled out a gun and
struck it in complainant's stomach. Complainant
pushed defendant away, jumped into his car and
drove away. Upon seeing police officers who had
stopped defendant, complainant stopped his car
and informed the police about his encounter with
defendant only moments before.

Defendant's first and second arguments on ap-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

peal concern the scope and effect of our Supreme Court's opinion reversing this Court, reinstating defendant's conviction and remanding for sentencing. Defendant first argues that although the Supreme Court reinstated defendant's conviction and remanded for sentencing, *id.,* pp 448, 456, it did not address the issue of retroactivity. Defendant therefore requests that we not apply the Supreme Court's decision in this case retroactively, and that we reverse defendant's conviction. In addition, defendant argues that to retroactively apply the Supreme Court's decision to the instant case would be a denial of due process and a violation of the ex post facto clause of the United States Constitution.

Defendant's arguments center on the Supreme Court's opinion in *People v Vaughn,* 409 Mich 463; 295 NW2d 354 (1980), where the Court allowed an inconsistent jury verdict finding defendant guilty of assault with a dangerous weapon and not guilty of felony-firearm. In *People v Blondell Smith,* 108 Mich App 466; 310 NW2d 425 (1981), *lv den* 417 Mich 982 (1983), we held the *Vaughn* would not be given retroactive effect in cases tried before the opinion was released. Defendant in the instant case was tried before the Supreme Court's opinion in *Vaughn,* and on appeal the Supreme Court extended *Vaughn* to allow defendant's inconsistent jury verdict. In a recent case, we applied *Lewis, supra,* retroactively to cases tried after *Vaughn* was released, but before the decisional date in *Lewis. People v Eady,* 131 Mich App 627; 345 NW2d 653 (1983). In holding that *Lewis* applied retroactively we held:

"*People v Lewis, supra,* did not announce a new rule of law or abrogate existing standards. Rather, the Supreme Court applied in a felony-firearm context the rule of *People v Vaughn,* 409 Mich 463; 295 NW2d 354

(1980), which permits inconsistent verdicts. While it is true that *Vaughn, supra,* abrogated the old rule barring inconsistent verdicts, the Supreme Court's decision in that case was rendered on April 28, 1980, long before this trial. In short, *Vaughn* is the case which established the new rule and *Lewis* is not." 131 Mich App 629-630.

Defendant thus argues that given this Court's decision in *Eady* and *Blondell Smith,* we should not apply *Lewis* to defendant's case since his trial preceded the Supreme Court's opinion in *Vaughn.* Even though the Supreme Court reinstated defendant's conviction and remanded for sentencing in the instant case, defendant argues that the Supreme Court did not address the retroactivity question now raised. We disagree.

Although there are a great variety of ways in which a new rule of law may be given effect, application normally falls within one of three main categories. A new rule can be (1) made applicable to all cases in which a cause of action has accrued and which are still lawfully pending and all future cases, (2) made applicable to the case at bar and all future cases, or (3) made to exclude the case at bar, but made applicable to all cases filed hereafter or after an arbitrary control date specified in the opinion. *Placek v Sterling Heights,* 405 Mich 638, 662; 275 NW2d 511 (1979); *Myers v Genesee County Auditor,* 375 Mich 1, 11; 133 NW2d 190 (1965).

It is well established that the retroactive application of an overruling decision is not prohibited by the constitution and, specifically, that such retroactivity does not constitute a denial of due process or a violation of the prohibition against ex post facto laws. Anno: *United States Supreme Court's Views as to Retroactive Effect of Its Own Decisions Announcing New Rules,* 22 L Ed 2d 821,

825; Anno: *Retroactive or Merely Prospective Operation of New Rule Adopted by Court in Overruling Precedent-Federal Cases,* 14 L Ed 2d 992, 1002-1003; Anno: *Prospective or Retroactive Operation of Overruling Decision,* 10 ALR3d 1371, 1391-1393, and cases cited therein. We therefore find no merit to defendant's argument that application of *Lewis, supra,* would constitute a denial of due process or violate the prohibition against ex post facto laws.

Turning to defendant's retroactivity argument, we believe that the Supreme Court did address the application of its decision in *Lewis, supra,* to defendant. The Supreme Court specifically stated that defendant Johnson's conviction was reinstated and his case remanded for sentencing. *Id.,* pp 448, 456. Although not explicitly addressed in terms of retroactivity, it is clear that the Court intended its decision to apply to the case at bar. The Supreme Court's treatment of defendant is consistent with the marked preference it has shown for applying its overruling decisions to the cases before it unless explicitly stated otherwise. Compare *Sherbutte v Marine City,* 374 Mich 48; 130 NW2d 920 (1964), with *People v Stevenson,* 416 Mich 383; 331 NW2d 143 (1982).

Further, we believe that defendant's reliance on *People v Blondell Smith, supra,* is misplaced given the Supreme Court's retroactive treatment of its holding in *People v Vaughn, supra.* Although we held in *Blondell Smith* that *Vaughn* would not be given retroactive application, the Supreme Court applied its decision to defendant Vaughn by reinstating his conviction. In *People v Horton,* 99 Mich App 40; 297 NW2d 857 (1980), we reversed defendant's conviction in part because of inconsistent jury verdicts. *Horton* was decided prior to the Supreme Court's opinion in *Vaughn.* The Supreme Court, however, vacated our judgment and re-

manded the case to us for reconsideration in light of its opinion in *Vaughn. People. v Horton,* 410 Mich 865; 301 NW2d 775 (1980). On remand, we held that *Vaughn* was applicable, and reinstated defendant's conviction. *People v Horton (On Remand),* 107 Mich App 739; 310 NW2d 34 (1981); *lv den* 418 Mich 942 (1984). Our decision on remand, however, followed our decision in *People v Blondell Smith,* and was necessitated by the Supreme Court's order. It appears from the Supreme Court's treatment of *Vaughn* that the validity of our holding in *People v Blondell Smith* is questionable. In any event, the Supreme Court's application of its holding in *Vaughn* to the defendant at bar and its order in *Horton* reinforces our view that the Court intended its decision to apply to the instant defendant. As the Court gave partial retroactive effect to its decision in the instant case, this Court is powerless to alter it. *Schwartz v Flint (After Remand),* 120 Mich App 449; 329 NW2d 26 (1982).

Defendant next argues that the trial court failed to instruct the jury that felonious assault is a specific intent crime, and that the decision of our Supreme Court in *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), compels us to reverse. *Joeseype Johnson,* however, was decided after defendant's conviction in this case. Therefore, the issue is whether we must give that decision retroactive application in this case.

We recognize that there is a split among the panels of this Court which have addressed this retroactivity question. Compare *People v Owens,* 108 Mich App 600; 310 NW2d 819 (1981); *People v Braddock,* 106 Mich App 11; 307 NW2d 341 (1980); *People v Slager,* 105 Mich App 593; 307 NW2d 376 (1981) (T. M. Burns, P.J., *dissenting); People v Vinson,* 105 Mich App 583; 307 NW2d 100 (1981) (T. M. Burns, J., *dissenting);* with *People v Wilson,*

113 Mich App 591; 318 NW2d 479 (1981); *People v McMaster,* 105 Mich App 162; 306 NW2d 434 (1981) (MACKENZIE, J., *dissenting); People v Rae,* 103 Mich App 293; 302 NW2d 845 (1980); *People v Szymanski,* 102 Mich App 745; 302 NW2d 316 (1981); *People v Ideis,* 101 Mich App 179; 300 NW2d 489 (1980) (BASHARA, P.J., *dissenting).* See, also, *People v Yarborough,* 131 Mich App 579; 345 NW2d 650 (1983); *People v Norwood,* 123 Mich App 287; 333 NW2d 255 (1983) (M. J. KELLY, P.J., *dissenting); People v Rivera,* 120 Mich App 50; 327 NW2d 386 (1982); *People v Korona,* 119 Mich App 369; 326 NW2d 143 (1982); *People v Davis,* 126 Mich App 66; 337 NW2d 315 (1983).

A conflict of this magnitude must be resolved definitively by the Supreme Court. We, however, agree with those panels which have held that *Joeseype Johnson, supra,* should not be given retroactive application. See, *e.g., Slager, supra.*

Defendant further argues that the prosecutor's cross-examination of defendant and closing argument denied defendant a fair trial. We note that defendant failed to object either during the cross-examination or closing argument, and, therefore, appellate review is foreclosed unless our failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977); *People v Stoudemire,* 65 Mich App 664; 238 NW2d 365 (1975). We have thoroughly reviewed the record in this case, and do not believe that the prosecutor's cross-examination or closing argument denied defendant his right to a fair trial.

Affirmed.