PEOPLE v HEROLD (ON REHEARING)

Docket No. 27191. Submitted June 22, 1981, at Detroit.—Decided
February 2, 1982. Opinion on rehearing filed April 28, 1982.

Richard Herold was convicted, along with several codefendants, of
conspiracy to obstruct justice, Detroit Recorder's Court, Justin
C. Ravitz, J. On appeal, his conviction was reversed, *People v
Iaconnelli,* 112 Mich App 725 (1982). Rehearing was granted as
to defendant Herold and, on rehearing, *held:*

Reversal of the conviction is not mandated by the fact that a
codefendant, represented by the same attorney, was induced to
testify for the prosecution in exchange for the dismissal of the
charges against him in the absence of evidence showing that
any defense trial strategy was communicated to the prosecution
and in the absence of a showing of prejudice to the defendant.
The conduct of the prosecution during the time of joint repre-
sentation was not shown to have impermissibly violated the
defendant's right to counsel.

The prior decision reversing defendant Herold's conviction is
vacated, and the conviction is affirmed.

CRIMINAL LAW — RIGHT TO COUNSEL.

A defendant's conviction need not be reversed because of a
violation of his right to counsel where a codefendant who was
*represented by the same counsel was induced to testify* for the
prosecution in exchange for the dismissal of the charges
against him in the absence of evidence that any defense trial
strategy was disclosed to the prosecution and in the absence of
a showing of prejudice to the defendant.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Edward J. Sheiko,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law §§ 756, 757.

*Norman L. Lippett,* for defendant.

## ON REHEARING

Before: J. H. GILLIS, P.J., and BASHARA and K. N. SANBORN,* JJ.

J. H. GILLIS, P.J. The facts of this case and the issues raised are adequately set forth in our original opinion, *People v Iaconnelli,* 112 Mich App 725; 317 NW2d 540 (1982). On rehearing, we adopt that opinion except as to that portion wherein we found that defendant Richard Herold was entitled to a new trial on the ground that his Sixth Amendment right to counsel was impermissibly invaded by the prosecution's successful efforts to obtain the testimony of a codefendant who had been represented by the same attorney.

In light of *United States v Morrison,* 449 US 361; 101 S Ct 665; 66 L Ed 2d 564 (1981), *reh den* 450 US 960; 101 S Ct 1420; 67 L Ed 2d 385 (1981), and considering the knowledge and approval of defendant Herold's attorney regarding contacts made by the prosecution with witness Lopez during the joint representation and the lack of evidence showing that any trial strategy was in fact communicated to the prosecution as a result of such conduct, we are persuaded that, contrary to our original decision, defendant Herold's conviction must be affirmed. This result is mandated in particular by the focus in *Morrison* on the question of the existence of prejudice and the tailoring of a remedy to the circumstances of each case. Although our original opinion referred to testimony regarding conversations among the codefen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dants, it appears that none of the evidence in question constituted privileged communications.

For these reasons, we vacate our earlier decision to reverse defendant Herold's conviction, and hereby affirm same. With respect to all other issues and defendants, our decision remains unchanged.