PEOPLE v YARBOROUGH

Docket No. 65621. Submitted May 10, 1983, at Detroit.—Decided December 9, 1983.

Arnell Yarborough was convicted of felonious assault, Detroit Recorder's Court, Evelyn K. Cooper, J. Defendant appealed, alleging that the trial court erred in failing to give the Criminal Jury Instruction on specific intent. *Held:*

1. The jury in a felonious assault case must be instructed that the defendant must have had either an intent to injure the victim or to put the victim in reasonable fear of an immediate battery. The trial court in this case instructed the jury that they must, to convict the defendant, find only that defendant intended to injure the victim. The defendant was not prejudiced by the court's instruction.

2. The Criminal Jury Instruction on specific intent does not state an element of the offense. Further, the jury was adequately instructed on the intent required to convict the defendant. In such circumstances the failure of the court to use the term "specific intent" was not error.

Affirmed.

1. CRIMINAL LAW — APPEAL — JURY INSTRUCTIONS — ELEMENTS OF OFFENSE.

Failure of a defendant to object at trial to the jury instructions generally precludes appellate review based upon those instructions; however, the Court of Appeals may still reverse a defendant's conviction, even though no objection was made, if the trial court's instructions omitted an essential element of the offense.

2. ASSAULT AND BATTERY — JURY INSTRUCTIONS — INTENT.

The jury in a trial for felonious assault must be instructed that the defendant must have had either an intent to injure his

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
    75 Am Jur 2d, Trial § 713.
[2] 6 Am Jur 2d, Assault and Battery § 51.
[3] 75 Am Jur 2d, Trial § 719.

victim or an intent to put the victim in reasonable fear or apprehension of an immediate battery.

3. CRIMINAL LAW — JURY INSTRUCTIONS — SPECIFIC INTENT.

The Michigan Criminal Jury Instruction on specific intent does not state an element of the offense with which a defendant is charged; where the intent required to convict the defendant is adequately described by the trial court, the failure to give the specific intent instruction or to use the term "specific intent" is not error (CJI 3:1:16).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward R. Wilson*, Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka*, for defendant on appeal.

Before: Hood, P.J., and V. J. Brennan and D. S. DeWitt,* JJ.

Per Curiam. After a jury trial, defendant was convicted of felonious assault, MCL 750.82; MSA 28.277. He appeals as of right.

On appeal, defendant claims that the trial judge erred by failing to give *sua sponte* the instruction defining specific intent, CJI 3:1:16. The failure to object generally precludes appellate review. *People v Williams*, 114 Mich App 186, 202; 318 NW2d 671 (1982). See GCR 1963, 516.2. If no objection is made, this Court will still reverse a defendant's conviction if the charge to the jury omits an essential element of the offense. *People v Rivera*, 120 Mich App 50, 53-54; 327 NW2d 386 (1982). In the present case, the trial court instructed the jury that they must find that defendant intended to injure his victim to find felonious assault. In a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

felonious assault case, the jury must be instructed that the defendant must have either an intent to injure his victim or an intent to put the victim in reasonable fear or apprehension of an immediate battery. *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979). The instruction given here did not prejudice the defendant. The judge told the jury that they must find an intent to injure, but ignored the possibility that the jury might find an intent to put the victim in reasonable fear or apprehension of an immediate battery. The instruction given favored the defendant rather than prejudicing him. The instructions properly informed the jury of the elements of the offense which it would have to find proven beyond a reasonable doubt to convict the defendant.

We do not believe that the instruction on specific intent (CJI 3:1:16) states an element of the offense.

The failure to give the CJI instruction on specific intent is not a failure to instruct on an element of an offense. Here, the jury was specifically instructed on the requisite intent. Even where requested, the refusal to give the specific intent instruction has been found to be harmless where the jury was properly instructed on the requisite intent. *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135, 153-154; 324 NW2d 782 (1982). This Court has also rejected claims based on a failure to define *sua sponte* specific intent where the instructions on intent were adequate. *People v Richardson,* 118 Mich App 492, 496-497; 325 NW2d 419 (1982). If the intent required to convict is adequately described, the failure to use the term "specific intent" is not an error. *People v Mitchell,* 61 Mich App 153, 161-163; 232 NW2d 340 (1975). The instructions given

by the judge adequately informed the jury of the elements of the offense.

We also note that intent was not an issue in this case. The complaining witness charged that defendant fired three shots at him with a handgun. The defendant did not testify; his counsel argued that the witnesses had contrived a story in their efforts to unjustly convict the defendant. For this reason alone, this case can clearly be distinguished from *People v McMaster,* 105 Mich App 162; 306 NW2d 434 (1981), and *People v Wilson,* 113 Mich App 591; 318 NW2d 479 (1981). In each of those cases, the defendant asserted an intoxication defense. Even so, neither case ruled that the failure to give the specific intent instruction was error. In *McMaster, supra,* the Court held that the trial court should have either given the intoxication instruction or clarified the intent element of felonious assault. In *Wilson, supra,* the Court held that the trial court erred by instructing the jury that voluntary intoxication was not a defense to a charge of felonious assault. The Court stated that the trial court should have instructed on voluntary intoxication in a specific intent crime or should have clarified its instructions on the requisite intent to convict of felonious assault. *Wilson, supra,* p 593.

Affirmed.