### PEOPLE v JULIAN

Docket No. 101772. Submitted May 3, 1988, at Marquette. Decided June 1, 1988.

Vincent Andre Julian, an inmate of Marquette Prison, was convicted by a jury in the Marquette Circuit Court, Raymond J. Jason, J., of assaulting an employee of a place of confinement and of being an habitual offender, second offense. Defendant appealed.

The Court of Appeals *held:*

1. Evidence of defendant's prior similar acts of fashioning missiles with glass from fluorescent light bulbs and deodorant containers for use in assaulting the prison staff was properly admitted by the trial court.

2. Defendant was not denied effective assistance of counsel based on counsel's failure to call witnesses as part of the defense. Counsel made a reasonable strategic decision not to present his planned defense in light of defendant's pattern of throwing containers filled with various substances at the prison staff.

3. The trial court did not err in refusing to give CJI 4:2:02(6) and (7) as part of its instructions to the jury. Such instructions regarding the sufficiency of circumstantial evidence should be given only in cases involving mixed direct and circumstantial evidence when the circumstantial evidence against the defendant is weak, and not in cases, such as this one, where the circumstantial evidence against defendant is strong.

4. The trial court did not abuse its discretion in not granting immunity from prosecution to a witness who would have testified that defendant had acted in self-defense. The failure to grant immunity to this witness did not foreclose defendant

#### REFERENCES

Am Jur 2d, Criminal Law §§ 210 *et seq.,* 844-846, 984 *et seq.*

Am Jur 2d, Evidence §§ 298 *et seq.,* 320 *et seq.*

Am Jur 2d, Trial §§ 575, 754 *et seq.*

Am Jur 2d, Witnesses §§ 54 *et seq.*

Propriety and prejudicial effect of gagging, shackling, or otherwise physically restraining accused during course of state criminal trial. 90 ALR3d 17.

from producing other evidence in support of his self-defense claim.

5. The trial court did not abuse its discretion in requiring that defendant be shackled during trial.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS.

Evidence of a criminal defendant's similar criminal act may be admitted where (1) there is substantial evidence that the defendant actually perpetrated the similar act sought to be introduced, (2) some special quality or circumstance of the act tends to prove the defendant's identity, or the motive, intent, absence of mistake or accident, scheme, plan, or system in doing the act, or opportunity, preparation, or knowledge, (3) one or more of those factors is material to the determination of the defendant's guilt of the charged offense, and (4) the probative value of the evidence substantially outweighs the danger of unfair prejudice (MRE 404[b]).

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PROBATIVE VALUE — PREJUDICE.

The determination of whether the probative value of testimony concerning "similar acts" is substantially outweighed by its unfairly prejudicial effect is within the sound discretion of the trial judge.

3. CRIMINAL LAW — ASSISTANCE OF COUNSEL — FAILURE TO CALL WITNESSES.

The decision to call witnesses is a matter of trial strategy and ineffective assistance of counsel may be established by the failure to call witnesses only where such failure deprives a defendant of a substantial defense.

4. CRIMINAL LAW — JURY INSTRUCTIONS.

The use of Criminal Jury Instructions is not mandatory.

5. CRIMINAL LAW — JURY INSTRUCTIONS — EVIDENCE — DIRECT AND CIRCUMSTANTIAL EVIDENCE.

In a case of mixed direct and circumstantial evidence, the use of standard jury instructions relating to the sufficiency of circumstantial evidence should be given only where the circumstantial evidence against the defendant is weak (CJI 4:2:01[6] and [7]).

6. PROSECUTING ATTORNEYS — IMMUNITY FROM PROSECUTION — WITNESSES.

A prosecuting attorney has discretion to request a court order granting immunity from prosecution to a witness in a criminal

case; however, a defendant's due process rights may be violated if the trial court's refusal to grant immunity results in the suppression of testimony favorable to the defendant or where the immunity is necessary to obtain exculpatory testimony (MCL 780.701; MSA 28.1287[101]).

7. CRIMINAL LAW — SHACKLING OF DEFENDANT.

   The shackling of a defendant during trial is permitted when necessary to prevent his escape or to prevent him from injuring bystanders and officers of the court, or to maintain a quiet and peaceful trial; the decision to shackle a defendant is within the sound discretion of the trial court.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, *Gary L. Walker*, Prosecuting Attorney, and *Kevin L. Hesselink*, Assistant Prosecuting Attorney, for the people.

*Mark Peter Stevens*, for defendant on appeal.

Before: BEASLEY, P.J., and SAWYER and WEAVER, JJ.

PER CURIAM. On March 4, 1987, a jury convicted defendant, Vincent Andre Julian, of assault on an employee of a place of confinement, in violation of MCL 750.197c; MSA 28.394(3), and of being an habitual offender, second offense, in violation of MCL 769.10; MSA 28. 1082. On May 28, 1987, defendant was sentenced to serve not less than four years nor more than six years in prison. Defendant appeals as of right.

Defendant, an inmate, was charged with assaulting Marquette prison employee Robert Ball. At trial, Ball testified that he was working in the prison on the afternoon of October 11, 1986. While he was making his rounds in the area of defendant's cell, Ball observed and confiscated a property-passing device called a "fish line" from an inmate in a neighboring cell. As Ball passed by defendant's cell, defendant asked him why he had

confiscated the item. Ball testified that, after he had explained his reason for the confiscation, defendant became angry and made a throwing motion at him. Ball then heard a sound similar to glass breaking and felt something cut and burn his face and left eye. Ball recognized the sensation as one caused by powder contained in a fluorescent-light tube. Fragments of fluorescent-light glass and plastic from a deodorant container later were found on the floor area around and inside defendant's cell. Shortly after the incident, fluorescent-light tubes were discovered missing from defendant's cell. Ball testified that he could not identify what was thrown at him. The prosecution contended that defendant had thrown a deodorant canister filled with glass from a fluorescent light.

The defense theory was that Ball sustained injuries after he picked up a deodorant container from the garbage and threw it toward defendant's cell. Defendant argued that the prison record showed that two bottles of deodorant were removed from him in August, 1986, when he was placed on property restriction, and that the records failed to indicate whether deodorant was among the items returned to defendant before the assault. This, defendant claimed, indicated that he could not have initiated the incident.

On appeal, defendant first argues that the trial court erred by denying his motion in limine to exclude evidence of his prior similar acts. The prosecutor sought to introduce testimony to the effect that defendant repeatedly used containers to store and throw substances, including excrement, at the prison staff. In response to defendant's motion in limine to exclude his similar prison misconduct, the trial court made a preliminary ruling that evidence of similar acts would be ad-

missible to impeach defendant's testimony and to rebut the testimony of defense witnesses.

Generally, evidence of a defendant's prior similar acts is not admissible due to its tendency to allow the jury to infer the accused's guilt based on his character.[1] An exception exists where similar-acts evidence shows a defendant's motive, intent, scheme, plan or system in the act, or the absence of mistake or accident on his part.[2] Four prerequisites must be met in order to admit similar-acts evidence:

> (1) there must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced; (2) there must be some special quality or circumstance of the bad act tending to prove the defendant's identity or the motive, intent, absence of mistake or accident, scheme, plan or system in doing the act and, in light of the slightly different language of MRE 404(b) we add, opportunity, preparation and knowledge; (3) one or more of these factors must be material to the determination of the defendant's guilt of the charged offense; and (4) the probative value of the evidence sought to be introduced must not be substantially outweighed by the danger of unfair prejudice.[3]

Contrary to defendant's contention, proof of his similar acts sufficient to satisfy the first prerequisite is not limited to the products of a fully litigated adversarial hearing. The prosecution need only provide proof sufficient to convince a jury of the probability of defendant's commission of the act.[4] Thus, the trial court did not err in ruling that

---

[1] *People v Golochowicz*, 413 Mich 298, 308; 319 NW2d 518 (1982).

[2] MRE 404(b).

[3] *Golochowicz, supra*, p 309.

[4] *People v Duncan*, 402 Mich 1, 13; 260 NW2d 58 (1977).

the results of defendant's prison misconduct hearings could be used as similar-acts evidence.

The trial court indicated that only acts involving the use of deodorant bottles and fluorescent-light glass would be admitted. The special quality of these prior acts would tend to prove defendant's scheme, plan or system, satisfying the second prerequisite.

The similar-acts evidence also would have been material to the determination of defendant's guilt. Defendant's offer of proof indicated that at least one of the witnesses would have testified that the victim took material from another inmate's garbage and threw it at defendant. Establishing that defendant had a scheme or system of fashioning missiles with glass and deodorant containers would discount this testimony and, thus, would be material to the issue of defendant's guilt.

Finally, the probative value of such evidence would have outweighed the danger of unfair prejudice. The balancing of the probative value and prejudice of similar-acts evidence is a matter within the sound discretion of the trial court.[5] In the within case, the trial court indicated that only prior misconduct evidence involving glass and deodorant containers would be admissible. Reported instances of throwing feces or other material would not be admissible. The trial court's ruling demonstrates an effort to balance the evidence's probative value with its prejudicial effect. Thus, the court did not abuse its discretion.

Defendant next claims that he was denied effective assistance of counsel under *People v Garcia*.[6] His argument stems from the fact that, after the trial court ruled the similar-acts evidence admissi-

[5] *Duncan, supra,* p 14.

[6] 398 Mich 250; 247 NW2d 547 (1976).

ble, his lawyer failed to present a defense. The decision to call witnesses is a matter of trial strategy.[7] Ineffective assistance of counsel may be established by the failure to call witnesses only if the failure deprives defendant of a substantial defense.[8] Here, defense counsel made a reasonable strategic decision not to present his planned defense because it would have seemed flimsy in light of defendant's pattern of throwing containers filled with various substances at prison staff. As such, we find no basis for reversal.

Defendant also argues that the trial court committed error requiring reversal when it refused his request to give the jury CJI 4:2:02(6) and (7), instructions dealing with the sufficiency of circumstantial evidence. We find no error. First, the use of standard jury instructions is not mandatory.[9] Second, in cases of mixed direct and circumstantial evidence, the requested instructions are optional and should be given only in cases where the circumstantial evidence against defendant is weak.[10] Here, the victim heard a sound similar to glass breaking and felt something cut and burn his face and eye. He recognized the sensation as one caused by powder contained in a fluorescent-light tube. Glass fragments were found on the floor around and inside defendant's cell, and fluorescent-light tubes were found to be missing from his cell. This constitutes a mix of direct and strong circumstantial evidence and renders the requested instructions inappropriate.

Defendant also contends that the trial court abused its discretion by not granting immunity to defense witness Michael Pomerico who, according

[7] People v Barnett, 163 Mich App 331, 338; 414 NW2d 378 (1987).

[8] People v Wilson, 159 Mich App 345, 354; 406 NW2d 294 (1987).

[9] People v Petrella, 424 Mich 221; 380 NW2d 11 (1985).

[10] People v Burgess, 153 Mich App 715; 396 NW2d 814 (1986).

to defendant's offer of proof, would have testified that the victim threw a deodorant bottle in the general direction of defendant's cell and exchanged words with defendant. The prosecuting attorney holds the discretion to decide whether to request a court order granting immunity to a witness in a criminal case.[11] However, defendant's due process rights may be violated if the refusal to grant immunity results in the suppression of testimony favorable to the defendant or where the immunity is necessary to obtain exculpatory testimony.[12]

In the within case, the failure to grant immunity to Pomerico did not foreclose defendant from producing other evidence to support his self-defense claim. An offer of proof given by defendant indicated that four other inmates could have provided testimony quite similar to that of Pomerico. Defense counsel chose not to call those witnesses because of the trial court's ruling on the potential admissibility of similar-acts evidence. In addition, defense counsel did elicit from the records officer testimony that all hard objects were confiscated from defendant prior to the date of the incident. Under these circumstances, we find no abuse of discretion in the trial court's failure to grant immunity to Pomerico.

Finally, defendant claims the trial court erred by requiring him to be shackled during trial. Shackling is permitted when necessary to prevent the escape of the prisoner or to prevent him from injuring bystanders and officers of the court, or to maintain a quiet and peaceful trial.[13] The decision

---

[11] MCL 780.701; MSA 28.1287(101); *People v Watkins,* 78 Mich App 89, 94-95; 259 NW2d 381 (1977).

[12] *People v Iaconnelli,* 112 Mich App 725, 759; 317 NW2d 540 (1982), modified 116 Mich App 176; 321 NW2d 684 (1982).

[13] *People v Duplissey,* 380 Mich 100; 155 NW2d 850 (1968).

to shackle a defendant is a matter within the sound discretion of the trial court.[14]

In the instant case, the trial court based its decision to have defendant shackled during trial upon defendant's prison misconduct record. The trial court described defendant's prison conduct as follows:

> All I'm telling you is that he—it's just, that it's incredible, it's incredible! The man has stated on numerous occasions, after he has been issued tickets for assault and battery, that he's—I mean his —you get the feeling that it's all out war, and he takes every opportunity that he has to assault and to injure Department of Corrections personnel. He has thrown feces, he's thrown urine, he has done significant property damage, he has broken lighting fixtures in his cell, and he has, the plastic parts, for whatever reasons, he has broken and caused flooding by breaking the overhead sprinkler systems in the fire extinguishing thin [sic], he has had contraband, he has had a wooden sticker [sic] that he was found with, he has been insolent, he has had threatened behavior, he constantly threatens that he's going to stick everybody that he can whenever he can in terms of the Department of Corrections personnel.
>
> He's had a piece of metal, a D ring from a mop, in his possession which could be fashioned to be used in a—as a weapon, he was found with a weapon, he had contraband, which was a rod, a metal rod, which was wrapped and fashioned so that it could be used as a weapon.
>
> It's just a—I mean, it's hard to believe. I mean, we're talking major problems. This man, the file indicates, that when his father was contacted initially when he came in, his father said that he has a short temper and clearly he has demonstrated that. He has been locked in a security classification or the classifications . . . where these things have happened now on a repeated basis.

[14] *People v Mallory,* 421 Mich 229, 249; 365 NW2d 673 (1984).

The trial court also noted that defendant had lured prison guards into positions where he could attack them. The trial court expressed its concern that defendant would use the lamps, pens and pencils available at the courtroom table to injure others. In order to limit defendant's ability to use these objects as weapons, the court required defendant to be restrained by arm, leg and belly chains.

The record amply supports the trial court's decision to require defendant to be shackled during trial. As noted above, the court based its decision on a particularized review of defendant's prior conduct. The trial court also attempted to minimize the prejudicial effect of defendant's restraints by providing for defendant to enter the courtroom before the jurors to reduce their view of his shackles.

Affirmed.