PEOPLE v LAVEARN

Docket No. 150480. Submitted June 3, 1993, at Detroit. Decided
October 4, 1993, at 9:40 A.M.

Joseph L. Lavearn was convicted by a jury in the Detroit Record-
er's Court, George A. Best, II, J., of first-degree murder and
possession of a firearm during the commission of a felony. He
appealed and moved for an evidentiary hearing in the trial
court with respect to a claim of ineffective assistance of trial
counsel based on counsel's failure to present a defense of
intoxication to the charge of premeditated murder. The Court
of Appeals, WAHLS, P.J., and SULLIVAN and BRENNAN, JJ.,
while retaining jurisdiction, granted the motion. On remand,
the trial court, Bruce U. Morrow, J., denied a motion for a new
trial, rejecting the claim of ineffective assistance of counsel.

The Court of Appeals *held:*

Trial counsel's failure to present evidence of the defendant's
intoxication at the time of the shooting of the decedent de-
prived the defendant of a defense that might have made a
difference in the outcome of the trial. Such evidence could have
negated the element of premeditation and deliberation neces-
sary to convict the defendant of first-degree murder.

Reversed and remanded for a new trial.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Ineffective assistance of counsel can take the form of a failure to
call witnesses or present other evidence if the failure deprives
the defendant of a substantial defense, i.e., one that might have
made a difference in the outcome of the trial.

2. CRIMINAL LAW — ASSISTANCE OF COUNSEL.

Decisions by counsel concerning which witnesses to call, what
evidence to present, or the questioning of witnesses are consid-

REFERENCES

Am Jur 2d, Criminal Law § 985; Homicide §§ 127-129.

Modern status of the rules as to voluntary intoxication as defense
to criminal charge. 8 ALR3d 1236.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

ered part of trial strategy; a defendant may overcome the presumption of sound trial strategy by showing that counsel's failure to prepare for trial resulted in counsel's ignorance of, and failure to present, valuable evidence by which the accused might have benefited substantially.

3. Homicide — Premeditated Murder — Defenses — Voluntary Intoxication.

Voluntary intoxication is a defense to premeditated murder if it can be shown that the intoxication prevented the defendant from engaging in premeditation and deliberation with respect to the killing.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn M. Breen,* Assistant Prosecuting Attorney, for the people.

*Bell & Gardner, P.C.* (by *Athina T. Sivingas*), for the defendant.

Before: Fitzgerald, P.J., and Michael J. Kelly and W. J. Caprathe,* JJ.

Michael J. Kelly, J. Following a jury trial, defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to life imprisonment and two years' imprisonment, respectively. Defendant appeals as of right. We reverse and remand for a new trial.

Defendant's convictions stem from the June 20, 1991, shooting death of Steven Walker in the City of Detroit. The decedent and six other men were gathered in front of a house on Hasse Street around 1:50 A.M. The house was in the middle of

* Circuit judge, sitting on the Court of Appeals by assignment.

the block about three hundred feet west of Nancy,[1] the cross street to the east. Witnesses testified at trial that this area was known for drug trafficking.[2] A car drove past the group to the end of the street and turned north so that it was positioned with its driver's side perpendicular to and facing the group. Five seconds after the car stopped, the driver, allegedly defendant, commenced shooting out of the driver's side window. Three or four shots rang out and after a pause, two more, following which the car sped off. One of the shots killed Steven Walker.[3] One of the men jumped in a vehicle and gave chase. He caught up with defendant's vehicle and shot at it, wounding the defendant in the leg. Defendant's fourteen-year-old brother, Jason, was a passenger in the car and was also wounded. Defendant and his brother were apprehended by police, who found $192 and two grams of cocaine in defendant's sock. Several spent nine-millimeter casings were retrieved from the car and matched with three found on the street near the home where the shots were fired.

At trial, the defense presented no witnesses and the jury reached its verdicts in less than thirty minutes. While retaining jurisdiction on appeal, this Court remanded the case for a *Ginther*[4] hearing, at which it was learned that defense counsel's

---

[1] One witness said the house was ten or eleven houses from the corner. No estimate of lot width was adduced.

[2] In fact, after this incident, an evidence technician removed from the house on Hasse narcotics paraphernalia, a chemist's scale, bags of drugs that usually sell for $10 each, and a number of handguns and rifles, which would indicate that the occupants were involved in drug trafficking.

[3] Testimony at trial revealed that the car was located three hundred or so feet from the site where the victim and the other men were grouped. The autopsy of Steven Walker revealed that the cause of death was a single gunshot wound to the chest. A security guard for a nearby manufacturing plant testified that the driver of the vehicle was the shooter.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

strategy was to attack the identification of defendant as the shooter and that, on the second day of trial, defendant told defense counsel that he wanted to testify and present a defense of intoxication, but counsel indicated that doing so would jeopardize defendant's case. In closing argument defense counsel stated:

> And can anybody equate that because Mr. Lavearn is behind [sic] the driver's seat of the car that stopped in the City of Hazel Park some 15 to 16 minutes later, is the driver of the car in the same car in the City of Detroit on Nancy and Hasse only 15 minutes earlier? No one knows what happened 15 or 16 minutes earlier because there is no eyewitness to this crime. Mr. Lavearn might know, God might know, but there certainly wasn't anybody else that took this witness stand on behalf of the prosecution and said it was Mr. Lavearn.

Of course there were many eyewitnesses, but only two who knew who did the shooting, defendant and his brother. When the police apprehended defendant, he said, "The cocaine is mine. Jason had nothing to do with any of this. I threw the gun out the window in Detroit near where Dequindre splits."

Two witnesses at the *Ginther* hearing testified that defendant was visiting a house several blocks from the scene, drinking beer and tequila for four to five hours and that he was drunk before he got into his car. Defendant testified that he had consumed a fifth of whiskey and a twelve-pack of beer that day. The medical records from the hospital where defendant was treated contained no blood alcohol content results. The trial in this case was conducted by a Recorder's Court judge who was unavailable for the later *Ginther* hearing on remand. The successor judge at the *Ginther* hearing,

after hearing the testimony of the witnesses who testified about intoxication and that of the defendant, commented as follows:

> If the defense in this court's opinion had been intoxication as opposed to misidentification then this court can clearly see that based on the testimony that was provided that it believes that the verdict was against the great weight of the evidence.

I

We first address defendant's claim that he was denied his right to effective assistance of counsel because defense counsel failed to present an intoxication defense. Defendant claims that defense counsel should have called certain witnesses at trial who would have testified that defendant was heavily intoxicated just before the incident in question.

In order to establish a denial of the effective assistance of counsel guaranteed under the state and federal constitutions, a defendant must demonstrate that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed by the Sixth Amendment. Moreover, the defendant must overcome the presumption that the action was sound trial strategy, and the deficiency must be prejudicial to the defendant. *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991).

Ineffective assistance of counsel can take the form of a failure to call witnesses or present other evidence only if the failure deprives the defendant of a substantial defense. *People v Hoyt,* 185 Mich

App 531, 537-538; 462 NW2d 793 (1990); *People v Julian,* 171 Mich App 153, 158-159; 429 NW2d 615 (1988); *People v Wilson,* 159 Mich App 345, 354; 406 NW2d 294 (1987). A defense is substantial if it might have made a difference in the outcome of the trial. *People v Kelly,* 186 Mich App 524, 526; 465 NW2d 569 (1990). Decisions concerning which witnesses to call, what evidence to present, or the questioning of witnesses are considered part of trial strategy. *Julian, supra.* In order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to prepare for trial resulted in counsel's ignorance of, and hence failure to present, valuable evidence that would have substantially benefited the accused. *People v Caballero,* 184 Mich App 636, 640, 642; 459 NW2d 80 (1990).

Voluntary intoxication is a defense to first-degree premeditated murder if a showing is made that the intoxication prevented the defendant from premeditating and deliberating. See *People v Garcia,* 398 Mich 250, 259-262; 247 NW2d 547 (1976).

Testimony presented at the evidentiary hearing held with regard to defendant's claim of ineffective assistance of counsel revealed that before trial defense counsel was aware of defendant's claim of intoxication and aware that defendant had witnesses who could corroborate the fact that he was intoxicated on the night of the shooting. Defense counsel testified that defendant told him that he was "quite drunk" at the time of the shooting. Furthermore, at least two people who were with defendant just before the shooting told defense counsel that defendant had been drinking that night. Additionally, defense counsel, who had previously represented defendant in connection with two or more drunken driving charges, was well

aware of defendant's longstanding drinking problem.

Witnesses who testified at the evidentiary hearing indicated that just before the shooting, defendant was "really drunk." Defendant testified that he had been drinking heavily the day of the shooting and that he had a longstanding drinking problem. Defendant also indicated that he wanted to testify in his own behalf at trial to explain why he was in the neighborhood where the shooting occurred and that he was drunk when the shooting occurred.

After reviewing the record, we believe defense counsel's failure to present an intoxication defense deprived defendant of a defense that might have made a difference in the outcome of the trial. If defendant had been able to show through his witnesses and through his own testimony that he was intoxicated at the time of the shooting, such evidence would have justified acquittal of first-degree murder. Defendant's voluntary intoxication would have negated the element of premeditation and deliberation necessary to convict him of first-degree murder. Counsel's failure to present the witnesses and to put defendant on the stand to testify in his own behalf deprived defendant of a substantial defense. Defendant has successfully established his claim of ineffective assistance of counsel.

II

Defendant also argues that trial counsel was ineffective because he failed to move for a directed verdict. Because a motion for a directed verdict would have been unsuccessful, defense counsel was not obligated to argue this meritless motion. *People v Gist,* 188 Mich App 610, 613; 470 NW2d 475 (1991).

In light of our disposition of defendant's claim of ineffective assistance of counsel, we need not address the other claims raised by defendant.

Reversed and remanded for a new trial.